

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
**ATTORNEY GENERAL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 15, 1939

Honorable Leo C. Haynes
Secretary, Board of Regents
University of Texas
Austin, Texas

Dear Mr. Haynes:

Opinion No. O-494
Re: Validity of grantee's
option to renew right-
of-way easements beyond
10 year primary term of
easement across State
Lands dedicated to the
University of Texas

On February 28, 1939, you requested an opinion from this Department as to the legality of the extension provisions contained in two written right-of-way easements granted by the Board of Regents of the University of Texas to the Humble Pipe Line Company and to the Texas Pipe Line Company, respectively, the last of which easements has been assigned to the Texas-New Mexico Pipe Line Company. These easements are Nos. 59 and 62, respectively. Easement No. 62 bears date of October 12, 1933; easement No. 59 bears date of April 27, 1933.

Easement No. 62 contains the following clause:

"Humble Pipe Line Company, its successors or assigns, is hereby given the right and option to extend this contract after the initial ten (10) year period has expired for yearly periods not to exceed a total of fifty (50) years from the date of this contract, by the payment in advance of two and one-half(2½) cents per rod of right-of-way for each line per year for each and every year it elects to keep said contract in force. Said grantee, its successors or assigns, is to give sixty (60) days written notice prior to the expiration of annual period, of its desire to terminate the contract."

Easement No. 59 contains a similar renewal option in favor of the grantee in such easement.

In writing this opinion, we have assumed that there are no written contracts evidencing the easement grants in question other than the written instruments which you have fur-

any written contracts granting the easements in question to the grantees were first executed.

Section 3, Chapter 77, Acts 1933, 43rd Legislature, Regular Session, which deals with right-of-way easements across lands belonging to the State and dedicated to the support and maintenance of the University of Texas, provides as follows:

"No right of way easement, or tank farm, loading rack, or pumping station easement or lease of the character enumerated in Section 1 hereof may be granted for a longer term than ten (10) years, but any such easement may be renewed by the official or officials charged with the execution thereof, in his or their discretion."

Article 2596 of the Revised Civil Statutes of Texas, 1925, provides as follows:

"The board of regents are invested with the sole and exclusive management and control of the lands set aside and appropriated to, or acquired by, the University of Texas, with the right to sell, lease and otherwise manage, control and use the same in any manner, and at such prices and under such terms and conditions as they deem best for the interest of the University, not in conflict with the State Constitution; provided, such land shall not be sold at a less price per acre than that at which the same class of other public lands may be sold under the statutes."

In our opinion Section 3, Chapter 77, Acts of 1933 having been enacted subsequent to the enactment of Article 2596 must be held to modify and restrict the power of the Board of Regents as set forth in Article 2596 to the extent specifically provided in Section 3. In view of Section 3, Chapter 77, Acts of 1933, we must, therefore, hold that the Board of Regents is without power to make a binding grant of right-of-way easements for a longer term than ten years.

To give binding effect to the renewal options contained in the easement grants in question would, in our opinion, constitute a violation of Section 3, Chapter 77, Acts 1933, because such construction would, in effect, permit the granting of right-of-way easements for a longer period than ten years.

To give binding effect to the renewal options contained in the easement grants in question would, in our opinion, constitute a violation of Section 3, Chapter 77, Acts 1933, because such construction would, in effect, permit the granting of right-of-way easements for a longer period than ten years.

In our opinion, the Board of Regents is empowered to renew or refuse to renew, in its discretion, the ease-

ments in question for any number of years not to exceed ten years, and such power to renew is given to the Board of Regents irrespective of whether or not a renewal option is contained in the original grant of easement. However, it is apparent to us that the purpose of the Legislature in passing the Act in question was to prohibit binding grants of right-of-way easements for a period of more than ten years in futuro; the Legislature doubtless being aware of the possibility that a change in conditions might occur within a space of ten years which would make a continuance of the easements detrimental to the best interest of the State. In view of what we construe to be the purpose of the Legislature, we are, therefore, of the opinion that the Board of Regents should exercise its discretion to renew or to refuse to renew an easement at the date of termination of the original easement and not at the time of the execution of such original easement.

We, therefore, hold that the renewal options contained in the grants of right-of-way easements in question are ineffective and void, and that such easement contracts are to be considered in the same manner as they would be were such renewal options not contained therein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Robert E. Kepke
Robert E. Kepke
Assistant

RKK:BT:jrb

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS